David A. Chami, AZ #027585
PRICE LAW GROUP, APC
1204 E Baseline Rd., Suite 102
Tempe, AZ 85283
T: 818-907-2133
F: 866-401-1457
E: david@pricelawgroup.com
Attorney for Plaintiff
Veronica Encizo

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VERONICA ENCIZO,<br><br>        Plaintiff,<br>vs.<br><br>TRANS UNION, LLC AND SIMPLIFIED REVENUE RECOVERY, LLC.,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. THE FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.]; |

## INTRODUCTION

1. Veronica Encizo ("Plaintiff") brings this action to secure redress from Trans Union, LLC ("Trans Union"), and Simplified Revenue Recovery, LLC ("Simplified"), (herein collectively as "Defendants"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., and their agents for their illegal reporting on Plaintiff's credit report.

## PARTIES

2. Plaintiff Veronica Encizo is a natural person who resides in the city of Phoenix, Maricopa County, Arizona 85008.

3. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681(a) and 1692a(3).

COMPLAINT                                                           1

4. Defendant TransUnion is a *credit reporting agency*, as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. TransUnion can be served through its registered agent Prentice-Hall Corp System located at 2338 W Royal Palm Rd., Suite-J, Phoenix Arizona 85021.

5. On information and belief, TransUnion disburses the *consumer reports* to third parties under contract for monetary compensation.

6. Upon information and belief, Defendant Simplified is a Utah limited liability company doing business in the state of Arizona.

7. Defendant Simplified can be served through its registered agent Incorp Services, Inc located at 2338 West Royal Palm Road, Suite J, Phoenix, Arizona 85021.

8. Defendant Simplified uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

9. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **JURISDICTION**

10. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. 1681.

11. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this

District.  Because Defendants transact business here, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

12. In or around October 2014, Plaintiff was the victim of a domestic violence incident where she was brutally beaten and suffered severe injuries and had to move out of the apartment complex for her own safety.

13. The manager of the complex had witnessed Plaintiff's condition, was aware of the police involvement and had Plaintiff change the locks until such time that Plaintiff could relocate.

14. The apartment manager confirmed that Plaintiff was legally permitted to move out under Arizona law section 33-1318 which protects victims of domestic violence and further told Plaintiff that she could move out without penalty.

15. Plaintiff signed documents upon moveout and turned in her keys to the manager.

16. In 2017, Plaintiff realized that Defendant was reporting that she owed a balance to the apartment complex.

17. On or about June 21, 2017, Plaintiff submitted a dispute to Transunion and Equifax regarding a collection account for an apartment complex.

18. In the dispute letter Plaintiff explained that she was victim of domestic violence and had been forced to move out of the apartment complex out of concern for her own safety.

19. The dispute further included information that the complex was aware of the incident and permitted Plaintiff to vacate without recourse (as Arizona law permits).

20. Plaintiff received a response from Trans Union dated July 18, 2017 informing her that Defendant Trans Union had completed the investigation and a change was made to her credit report.

COMPLAINT                                             3

21. Plaintiff learned that the disputed account was deleted from her credit report and it now appeared with a different name.

22. Defendant listed the debt as "verified and accurate" under Simplified Revenue Recovery with a different account number.

23. On or about August 8, 2017, Plaintiff sent a second dispute letter to TransUnion requesting them to perform an investigation and to remove the account from her records.

24. On or about September 19, 2017, Plaintiff received a response to her second dispute from Defendant Trans Union where the resolution was that the debt was once again "verified as accurate".

25. Upon information and belief, Defendants failed to conduct a reasonable investigation of Plaintiffs' disputes.

26. Defendant Simplified Revenue Recovery failed to communicate with the original creditor to verify whether Plaintiff's dispute was accurate.

27. As a result of Defendants' failure to adequately investigate Plaintiffs' disputes, Plaintiff has suffered extreme emotional distress and mental anguish.

28. As a result of Defendants' conduct Plaintiff has suffered a reduced credit score.

## FIRST CAUSE OF ACTION

**Defendants Trans Union, LLC and Simplified Revenue Recovery, LLC
Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.***

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The FCRA requires a furnisher such as Simplified Revenue Recovery LLC, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to

COMPLAINT                                                  4

the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

31. Simplified Revenue Recovery, LLC has provided inaccurate information to the credit reporting agencies.

32. Plaintiff repeatedly notified TransUnion her credit report concerning Defendant Simplified Revenue Recovery, LLC account was inaccurate.   Thereafter, the credit reporting agency notified Defendant Simplified Revenue Recovery, LLC that Plaintiff was disputing the information it had furnished to the credit reporting agency.

33. Defendant Simplified Revenue Recovery, LLC violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(a), (b):

34. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiffs disputed;

35. Willfully and negligently failing to review all relevant information concerning Plaintiffs dispute;

36. Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

37. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

38. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiffs;

COMPLAINT                                              5

39. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to the credit reporting agencies; and

40. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(a), (b).

41. Defendant Simplified Revenue Recovery, LLC conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

**DEFENDANTS TRANSUNION VIOLATED THE FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.***

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a *consumer reporting agency* is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

44. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to

COMPLAINT                                            6

the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A).  In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

45. Within the two years preceding the filing of this complaint, Plaintiff notified Defendant TransUnion of an inaccuracy contained in its reports and asked it to correct the inaccuracy.

46. Defendant TransUnion failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed.

47. Defendant TransUnion failed to review and consider all relevant information submitted by the Plaintiff.

48. The defendant credit reporting agency failed to employ and follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b).

49. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

50. Defendant TransUnion's violations of the FCRA was willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

COMPLAINT                                                    7

A. Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o and 1692k(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(2)(a);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o and 1692k(3);

D. Punitive damages pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a)(2).

E. Any pre-judgment and post judgment interest as may be allowed under the law; and

F. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

DATED this 17th day of October 2017.

**PRICE LAW GROUP, APC.**

By: /s/David A. Chami

David A. Chami
Attorney for Plaintiff
Veronica Encizo

COMPLAINT                                                    8